KATHARINE A. O'LEARY et al., respondents,

*v.*

ARTHUR R. SMOCK, executor, &c., appellant.

[Decided October 19th, 1923.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Foster, who filed the following opinion:

"Complainants, who are mother and daughter, seek by their bill to compel the payment of legacies bequeathed to them under the will of Mrs. Sarah A. Bradshaw, with interest thereon from December 13th, 1917, which was one year after the date of the death of the testatrix.

"Mrs. Bradshaw died December 13th, 1916, leaving a last will and testament, by which she bequeathed to complainant Mrs. Katharine A. O'Leary $2,000 and to Mabel Elizabeth O'Leary, the daughter of Katharine, and a minor, $10,000. The will was duly admitted to probate on December 26th, 1916, and defendant qualified as executor thereof. The estate is ample to pay all debts and legacies, and it is not claimed that interest has not been received by the defendant from the amount of these legacies. Payment of the legacies with interest thereon from December 13th, 1917, has been demanded by complainants, and this demand has been refused by the defendant on the ground that complainants on or about October 10th, 1917, joined with the Asbury Park Trust Company in a proceeding or contest in this court to have Mrs. Bradshaw's will declared invalid for lack of testamentary capacity and other cause. It appears that after the hearing of this contest the bill was dismissed, and that an appeal was thereupon taken, and that this contest was finally settled between the parties, without determination by the appellate court, about September 1st, 1921. Upon this settlement de-

fendant tendered complainants the amount of their respective legacies, which tender was refused.

"Defendant contends that as complainants were instrumental in provoking protracted litigation over testatrix's will, and thereby delayed the settlement of her estate and the payment of their legacies, they are, as a consequence, not entitled to interest on their legacies, as he claims it would be inequitable to take from him and his co-residuary legatee and devisee the amount of this interest, which is a part of the residuary estate bequeathed and devised to them, and he further claims that such interest should only be paid from the date of settlement of the litigation over the will.

"This contention of defendant, if allowed, would add a new element to our statute concerning legacies (*Comp. Stat. p. 3088 § 1*), which provides: 'If no time is fixed in the will for the payment of such legacy, the said executor or administrator shall have one year after probate to pay and satisfy the legacies given therein.' In *Ashlon* v. *Wilkinson, 53 N. N. Eq. 227*, the court of errors and appeals stated the general rule that when no time for the payment of a legacy is fixed by the will, it is demandable one year after the death of the testator, and that interest upon the legacy is to commence to run from the date when the payment of it is demandable. This general rule has not been changed by the provisions of the statute which have been quoted. *Davison* v. *Rake, 45 N. J. Eq. 767*. For the reasons for this rule see *18 Am. & Eng. Encycl. L. 793,* and under this rule the rights of. the legatees to the payment of interest are not affected by the fact that they were engaged in, or were parties to, a contest over the will, which delayed a settlement of the estate. *40 Cyc. 2104*. As there is no provision in the will postponing the payment of these legacies beyond the statutory period, and as there is nothing in the circumstances of the case taking these legacies out of the general rule, or to support the contention of defendant that complainants should be penalized, by the loss of interest, for joining in the contest over the will (which penalty if imposed would be for the

benefit of defendant as a residuary legatee and devisee), I will advise a decree that complainants are entitled to the payment of their respective legacies, with interest thereon from December 13th, 1917, which is one year after the date of the death of the testatrix."

*Messrs. Durand, Ivins & Carlon,* for the respondents.

*Mr. Halsted H. Wainright,* for the appellant.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Foster.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, HEPPENHEIMER, ACKERSON, VAN BUSKIRK—10.

*For reversal*—None.